# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSCAR AGUILAR,

    Petitioner,

v.

FRANK STRADA,

    Respondent.

CIVIL ACTION NO. 3:12-CV-0078

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation ("R & R") and Petitioner Oscar Aguilar's Objections. Magistrate Judge Carlson recommends that Mr. Aguilar's Petition for Writ of Habeas Corpus be denied. Because the sentencing court is in a better position to assess whether the Bureau of Prisons misinterpreted its sentencing order, the petition should be transferred to Judge Florence Marie Cooper of the United States District Court for the Central District of California. As such, the R & R will be rejected.

### I. Background

On March 13, 2006, local authorities in California arrested Mr. Aguilar and charged him with the Sale/Transport of a Controlled Substance. Six weeks later, on May 1, 2006, Mr. Aguilar was convicted on that charge, and the Superior Court of California sentenced him to a five-year term of imprisonment. Mr. Aguilar received jail-time credit against his state sentence for the seventy-four days he spent in custody prior to his sentencing.

During his state proceedings, Mr. Aguilar also faced a federal indictment. On April 13, 2006, the United States District Court for the Central District of California indicted him

on two charges: (1) Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(A)(1), 841(B)(1)(a); and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 19 U.S.C. § 924(C). On October 23, 2006, the District Court issued a Writ of Habeas Corpus Ad Prosequendum for Mr. Aguilar, compelling him to appear in federal court and answer the charges. Federal officials took him into federal custody based upon the Writ on November 17, 2006.

    Mr. Aguilar pleaded guilty to both charges, and the District Court, with the Honorable Florence Marie Cooper presiding, sentenced him on February 1, 2008. At the sentencing, Mr. Aguilar's counsel asked for his federal sentence to be served concurrently with his previously served state sentence. Judge Cooper responded that concurrent federal and state sentences did "seem appropriate." Mr. Aguilar's counsel also requested that his sentence reflect that he had been in custody since April 13, 2006. Judge Cooper replied that she was "uncertain as to whether the court has authority or whether it would be effective" if she noted that date in her sentence.[1] Judge Cooper then stated, "I'm putting it out for consideration." On the Judgment and Probation/Commitment Order, Judge Cooper ordered that "[c]redits for custody should begin on April 13, 2006, the date of defendant's arrest." Based on a plea agreement, Judge Cooper sentenced Mr. Aguilar to a 132-month term on one of his federal counts and a 60-month term on the other. Judge Cooper ordered that Mr. Aguilar's two federal sentences be served consecutively.

---

[1] Magistrate Judge Carlson noted that Mr. Aguilar submitted an incomplete version of the transcript that was missing two lines. The Court has obtained the complete version from the Central District of California and refers to it here.

2

At the time of his sentencing, Mr. Aguilar was still being held by federal officials on a writ from the state of California. Following his sentencing, federal officials returned him to the state facility. Eight months later, on October 8, 2008, Mr. Aguilar was paroled from his state sentence.

On that same date, October 8, 2008, federal officials took custody of Mr. Aguilar. The Bureau of Prisons ("BOP") calculated Mr. Aguilar's federal sentence credit and determined that his federal sentence commenced when he came under the primary jurisdiction of federal authorities on October 8, 2008. The BOP did not apply any of the time Mr. Aguilar spent in state custody against his federal sentence, nor did it calculate his federal sentences as being retroactively concurrent with his previously served state sentence.

On January 12, 2012, Mr. Aguilar filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 with the Middle District of Pennsylvania. Magistrate Judge Carlson issued his R & R on February 23, 2012; Mr. Aguilar filed objections on March 12, 2012. The petition has been fully briefed by both parties and ripe for disposition.

## II. Legal Standard

Where objections to a magistrate judge's report are filed, a district court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify (in whole or in part) the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the

statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

Mr. Aguilar applies for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* §§ 2241(a), (c)(3). A prisoner may file a § 2241 petition to challenge "some aspect of the execution of their sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A suit alleging that the BOP incorrectly calculated a sentence constitutes a proper challenge to the execution of a sentence under § 2241. *See, e.g., Lerario v. United States*, 371 F. Supp. 2d 633 (M.D. Pa. 2005).

Mr. Aguilar argues in his petition that the District Court ordered that his federal sentence be served concurrently with his state sentence, and thus the BOP erred in calculating his sentence.[2] Both the sentencing court and the BOP play an important role in

---

[2] Magistrate Judge Carlson construed Mr. Aguilar's petition as bringing two separate claims: (1) a § 2241 claim challenging the BOP computation of the sentence; and (2) a claim under 28 U.S.C. § 2255 challenging the District Court's decision to not order that his state and federal sentences be served concurrently. But Mr. Aguilar's petition and objections clarify that he does not challenge the validity of the District Court's sentence under § 2255; rather, he believes that the District Court correctly sentenced him to

4

sentencing a defendant. The sentencing court imposes the sentence, and it may choose to impose a federal sentence that runs concurrent to a state sentence. *See* 18 U.S.C. § 3584 ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."). The sentencing court's power to order concurrent sentences extends to ordering that a federal sentence be *retroactively* concurrent to a state sentence the defendant has already been serving. *Rudolph v. Holt*, No. 1:08-CV-00340, 2009 WL 1314868, at *4 (M.D. Pa. 2009) (citing 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c); *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002), *superseded on other grounds by* U.S.S.G. § 5G1.3(c)). For its part, the BOP has authority to compute federal sentences (for offenses committed on or after November 1, 1987). *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). In computing a sentence, the BOP also "has the authority to run an inmate's federal sentence concurrent with a state sentence in circumstances where the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate." *Rudolph*, 2009 WL 1314868 at *4 (citing *Barden v. Keohane*, 921 F.2d 476, 482-83 (M.D. Pa. 2009); BOP Program Statement 5160.06, 4-7). For example, the BOP may designate a sentence as retroactively concurrent where: (1) a federal sentencing court orders, on the judgment and commitment order, that the defendant's federal sentence shall run concurrently with a preexisting state sentence; (2) a federal sentencing court orders concurrent service of the federal sentence at some time after the initial imposition of that sentence; (3) an inmate

---

concurrent state and federal sentences, and the BOP has erred by misunderstanding the District Court's intention. Thus, Mr. Aguilar's petition is more properly construed as asserting solely a § 2241 claim regarding the execution of his sentence.

requests a *nunc pro tunc* designation and the federal sentencing court does not object; or (4) a state jurisdiction requests that the state and federal sentences be treated as concurrent sentences. BOP Program Statement 5160.06, 6-7

The judgment and commitment order as well as Judge Cooper's statements during sentencing raise legitimate questions as to whether the District Court ordered Mr. Aguilar's federal sentences to be served retroactively concurrent to his previously served state sentence. The judgment and commitment order clearly states that "credits for custody should begin on April 13, 2006, the date of his arrest," and Judge Cooper indicated that a retroactively concurrent sentence would be "appropriate." On the other hand, as the Respondent points out, Judge Cooper expressed uncertainty as to her authority and stated that she was "putting it out there for consideration."

Because of the ambiguities in the order and sentencing transcript, "the most efficient course of action is to direct that this case be transferred to the sentencing court to allow it to provide clarification as to its intent." *See Stover v. Sniezek*, No. 1:10-cv-1213, 2010 WL 3220318, at *4 (M.D. Pa. Aug. 12, 2010); *see also Argentina v. Sniezek*, No. 4:09-cv-0382, 2010 WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010); *Gardner v. Williamson*, No. 3:07-cv-1788, 2008 WL 1752229, at *4 (M.D. Pa. Apr. 14, 2008). Magistrate Judge Carlson suggested that transfer would be in the interest of justice, and Mr. Aguilar subsequently expressed his desire to transfer the case.

This case satisfies the prerequisites for a transfer to another venue. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A civil action may be brought in "a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, Mr. Aguilar's case could have been brought in the Central District of California because that is where his sentence occurred. And as noted above, the sentencing court is in a better position to evaluate the merits of Mr. Aguilar's petition. For this reason, transfer is appropriate.

## IV. Conclusion

For the reasons stated above, Magistrate Judge Carlson's R&R will be rejected. Mr. Aguilar's petition will be transferred to the sentencing court. An appropriate order follows.

| | |
|---|---|
| April 30, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |